### WHITTAKER v. FINNORN. *
### No. 14683.

Court of Appeal of Louisiana. Orleans.
May 21, 1934.

---

*Rehearing denied June 11, 1934.

Max M. Schaumburger, of New Orleans (Lemle, Moreno & Lemle, of New Orleans, of counsel), for appellant.

Robert B. Todd, of New Orleans, for appellee.

JANVIER, Judge.

This is a suit on a promissory note made payable on demand. Defendant admits that he executed the note and that he received full value therefor, but he denies liability thereon contending that, at the time the note was given, he had a verbal understanding made with the holder of the note to the effect that it was not to be paid until the receipt by the maker of his share of certain fees for professional services which he, the maker of the note, and plaintiff, the holder of the note, were, at that time, jointly rendering to a client.

The defense is couched in the following words:

" * * * It was distinctly orally understood at the time of the execution of said note that the same was never to become a note or to have any force and validity as such until defendant should receive his compensation for handling the income and profits tax litigation above referred to; but on the contrary said note was the equivalent of a mere bookkeeping entry."

When the matter was called for trial, counsel for plaintiff objected to all evidence tendered in support of the above defense, contending that it was an attempt to vary by parol the terms of a valid written instrument. Counsel for defendant contended that the oral agreement did not vary the terms of the instrument, but merely showed that it had been conditionally delivered and that it was not to be availed of until the occurrence of the event upon which it was made contingent and, as supporting the right to make this defense, called attention to section 16 of Act No. 64 of 1904 which provides that "as between immediate parties, * * * the delivery (of a negotiable instrument) may be shown to have been conditional, or for a special purpose only, and not for the purpose of transferring the property in the instrument." The objection to the oral evidence was overruled and defendant testified in support of the above set forth allegation contained in his answer.

The district judge reached the conclusion that the instrument had been conditionally delivered and that the event upon which the enforceability and effectiveness of the note were made to depend had not yet occurred and rendered judgment dismissing plaintiff's suit.

Defendant himself testified that the service which he and the plaintiff had rendered to their joint client had produced results satisfactory to the client and that, though it had been necessary for him to resort to litigation to collect his fee, and though even as the result of litigation he had not obtained a fee so large as he felt himself entitled to, still he had compromised his claim for a very substantial sum, to wit, $45,000, and had been paid the amount agreed upon in the compromise. Under the circumstances he can no longer be heard to contend that the event upon which the enforceability of the note was made to depend has not occurred.

We understand his present contention to be that since he has accepted less than he should have received as his share of the fee, the note can never become effective because of his contention that the verbal agreement contemplated that the note was to be payable only upon the receipt by him of the full amount of the fee to which he claims that he was entitled.

Conceding that that was the original agreement and also conceding that the defense, as a matter of law, is permitted by the Negotiable Instrument Act of 1904 (Act No. 64 of 1904), still when he compromised his claim for his share of the fee for an amount acceptable to him, the note at once became due and demandable, for to hold otherwise, would be to hold that by accepting the compromise he, without any action on the part of the holder of the note, wiped out of existence any obligation which was evidenced by the said note.

It is, therefore, ordered, adjudged, and decreed that the judgment appealed from be and it is annulled, avoided, and reversed and that there now be judgment in favor of plaintiff, Robert V. Whittaker, and against the defendant, J. J. Finnorn, in the full sum of $435 with interest thereon at 8 per cent. from May 21, 1930, until paid, together with 10 per cent. attorney's fees on the total amount and subject to a credit of $75 paid on January 15, 1932, and for all costs.

Reversed.