157 So. 394

## WHITAKER v. FINNORN.

### No. 33028.

Oct. 29, 1934.

Robert B. Todd, of New Orleans, for petitioner.

Max M. Schaumburger and Lemle, Moreno & Lemle, all of New Orleans, for respondent.

BRUNOT, Justice.

The plaintiff sued the defendant upon a demand note, for $435, together with 8 per cent.

per annum interest thereon from May 21, 1930, until paid, and 10 per cent. on said principal and interest as attorney's fee. After the petition was filed, a judgment by default was rendered, but, owing to a defective citation, the default judgment was annulled and the defendant answered the suit. We mention the default judgment solely for the reason that, after its rendition and before its annulment, the defendant paid $75 on the note. In the answer to the suit, the defendant admits that he executed and signed the note sued upon, but he denies any indebtedness to the plaintiff thereon. The substance of his defense is that, by a contemporaneous verbal agreement with the plaintiff, the note was conditionally delivered to him, the condition being that the note was not to take effect until the happening of a specified event, to wit, until he received his compensation for certain work done by him for the Southwestern Investment Company, Inc., at which time the note was to become a valid and enforceable obligation.

The case was tried on the issue thus raised, and, from a judgment rejecting the plaintiff's demands and dismissing the suit, at his cost, the plaintiff appealed. The Court of Appeal (154 So. 914) reversed the judgment appealed from and awarded the plaintiff judgment as prayed for in the petition, subject to a credit of $75 paid on the note, which payment is mentioned herein supra.

A motion for a rehearing was filed, considered, and refused, whereupon the defendant applied to this court for a writ of certiorari or review. The application was granted, the record has been sent up, and the case is now before us.

The defendant is a practicing attorney of the city of New Orleans; the plaintiff is the head of R. V. Whitaker & Co., the accountants and auditors of the Southwestern Investment Company, Inc., of which concern the plaintiff is the vice president.

The Southwestern Investment Company, Inc., contracted with R. V. Whitaker & Company to resist certain income taxes and to collect a refund of other taxes erroneously paid. The defendant was employed by R. V. Whitaker to assist in the work. When the work was successfully completed, a dispute arose between R. V. Whitaker and the defendant as to the fee to be paid the defendant. Thereupon the defendant seized and impounded the funds of the Southwestern Investment Company, but later, in a compromise settlement with that company, he accepted $45,000 as his fee for the work he had done, and released the seizure. Before the compromise settlement with the Southwestern Investment Company was effected, the plaintiff brought this suit, but the case was not tried in the civil district court until some time after the defendant had received the fee agreed upon.

On the trial of this case the plaintiff excepted to the introduction of oral testimony to vary the terms of the note, but this exception was overruled, for the reason that section 16 of Act No. 64 of 1904, the Negotiable Instrument Act, provides as follows: "As between immediate parties, * * * the delivery may be shown to have been conditional, or for a special purpose only, and not for the purpose of transferring the property in the instrument."

We have read the record, but find it unnecessary to review the testimony, for the de-

fendant himself testified that he compromised his claim for the services he rendered to the Southwestern Investment Company, the client he and the plaintiff represented, for $45,000, and that he was paid the amount agreed upon in the compromise. The record discloses that this compromise was effected and the fee was paid some time before this suit was tried in the civil district court. This testimony is a refutation of his contention that the event upon which the enforceability of the note was made to depend has not occurred, because in the compromise settlement he accepted less than he should have received as his share of the fee. With reference to this contention, we quote, with approval, from the opinion handed down by the Court of Appeal (154 So. 914, 915), the following:

"Conceding that that was the original agreement and also conceding that the defense, as a matter of law, is permitted by the Negotiable Instrument Act of 1904, * * * still when he compromised his claim for his share of the fee for an amount acceptable to him, the note at once became due and demandable, for to hold otherwise, would be to hold that by accepting the compromise he, without any action on the part of the holder of the note, wiped out of existence any obligation which was evidenced by the said note."

A compromise is an agreement between persons to avoid a lawsuit by amicably settling their differences. There must be mutual concessions and the yielding of opposing claims.

For the reasons assigned, the writ issued herein is recalled and vacated at relator's cost.

HIGGINS, J., takes no part—recused.